# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

SHARON SMITH                                                                PLAINTIFF

V.                                                  CAUSE NO. 3:17-cv-501-CWR-FKB

MERIDIAN-LAUDERDALE COUNTY                                          DEFENDANTS
PUBLIC LIBRARY, et al.

## ORDER

The Meridian-Lauderdale Public Library hired Sharon Smith to manage its public relations. Within three months, Smith was fired. She brought this suit challenging her termination. Now before the Court are defendants' motion to dismiss and Smith's motion for judgment on the pleadings.

**I.     Factual and Procedural History**

The following facts from Smith's complaint are undisputed. *See generally* Docket Nos. 38, 44. As established by state law, the library is managed by a board of trustees, who have the authority to hire a director to oversee the daily operations of the library.

When Smith was hired in late October 2016, she received an employee handbook that stated all library employees are at-will employees and that she would be a probationary employee during her first six months of employment. On January 4, 2017, the library's director, Barbara Gough, wrote Smith a "notice of corrective action" for not vacuuming the floor of the library after being asked to do so. Docket No. 38-2. This notice warned Smith that she would be monitored for 30 days to ensure the "infraction [was] corrected." *Id*. Smith wrote to the library's board of trustees (the "board") and asked for a hearing regarding the notice. Counsel for the board denied Smith's request for a hearing and stated that the board only had the authority to hear employee grievances when an employee had been terminated by the director "for cause." Docket No. 38-3.

On February 8, 2017, Smith was fired; she was told her termination was without cause and she was reminded she had only been a probationary employee. On February 17, 2017, Smith appealed her termination to the board. At the next board meeting, board member Wanda DeLee made a motion to deny Smith a hearing, which passed by a unanimous vote.

Smith then filed suit against the library, Gough, and DeLee. Her complaint lists her causes of action: wrongful termination in violation of Mississippi Code § 39-3-17; a violation of Mississippi's constitutional guarantee of procedural due process; a violation of the U.S. Constitution's guarantee of procedural and substantive due process; a claim that the library's employee handbook has a chilling effect on constitutional rights; and a § 1983 *Monell* claim.[1] The present motions followed.[2]

## II. Legal Standard

Rule 12(b)(6) authorizes dismissal of actions that fail to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

---

[1] Smith originally pled a First Amendment retaliation claim but has since dropped that claim. Smith has also clarified that the only claims asserted against Gough and DeLee are the federal due process claims. *See* Docket No. 47 at 3.

[2] Smith also filed an unopposed motion to exceed the allotted page limit for her briefing. Docket No. 50. Seeing that the motion is unopposed; that the briefing on the cross-motion is included within these few additional pages; and that the Court has taken into account the full briefing, the motion is granted.

When considering a motion to dismiss, the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Id.* "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted).

The same standard applies to motions for judgment on the pleadings. *See Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citation omitted). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

## III. Discussion

Smith has alleged federal constitutional claims and state law causes of action. Before evaluating the substance of Smith's claims, a few points of clarification are in order.

First, in addition to pleading the due process claims, Smith lists a § 1983 *Monell* claim as a separate cause of action. It is not. Section 1983 and the due process claims are one and the same; Section 1983 is the avenue by which Smith may bring her federal due process claims. *See Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994).

Second, the handbook may be evidence of a type of § 1983 violation but it is not its own cause of action, like a breach of contract claim.[3] *See Monell v. Dep't of Soc. Servs. of City of New*

---

[3] There is nothing in the complaint to suggest that Smith is relying on the handbook for a breach of contract claim. Though, Smith throws a curve ball in her response to the motion to dismiss. In her response, and in support of her position that she has a state law cause of action, Smith raises *Bobbitt* for the premise that the handbook guaranteed her notice and a hearing before termination. *Bobbitt v. Orchard, Ltd.*, 603 So. 2d 356, 361 (Miss. 1992) ("We hold in this case that because the manual was given to all employees, it became a part of the contract . . . [the handbook] create[ed] an obligation on the part of [defendant] to follow its provisions in reprimanding, suspending or discharging an employee for infractions specifically covered therein."). *Bobbitt*, in effect, is a breach of contract claim. The

3

*York*, 436 U.S. 658, 690 (1978) ("Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.").

Finally, Mississippi's constitutional guarantee of due process is identical to that of the federal constitution. *See* Miss. Const. Art. 3, § 14. "Two claims are duplicative of one another if they arise from the same facts and do not allege distinct damages." *O'Quain v. Shell Offshore, Inc.*, No. 2:12-CV-01693, 2013 WL 149467, at *4 (E.D. La. Jan. 14, 2013) (citing *Conway v. Icahn & Co.,* 16 F.3d 504, 511 (2d Cir. 1994)). For these reasons, the Mississippi procedural due process claim is subsumed within the federal due process claim.

The Court now turns to the merits of Smith's due process claims.

**A. Due Process**

 **i. Property Interest**

"The first inquiry in every due process challenge—whether procedural or substantive—is whether the plaintiff has been deprived of a protected interest in property or liberty." *Edionwe v. Bailey*, 860 F.3d 287, 292 (5th Cir. 2017) (citation omitted). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. [S]he must have more than a unilateral expectation of it. [S]he must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 576 (1972). A public employee's entitlement may be proven through "reference to a: (1) statute; (2) written contract; or (3) mutually explicit

---

reference to *Bobbitt* is confusing because in Smith's complaint she claims that the handbook chilled her constitutional rights. In other words, the handbook made her believe that she did not have the right to a set of procedures guaranteed in the state statute. What it seems Smith is ultimately arguing in response to the motion to dismiss is that the handbook quoted the statute, and this is further proof that she has a property interest based upon the language of the statute. The statute will be evaluated as a property interest in due course in this opinion. In the event that Smith is indeed trying to plead a breach of contract claim, such claim is dismissed as duplicative of her due process claim.

4

understanding enforceable as an implied contract." *King v. Newton Cty. Bd. of Sup'rs*, 144 F. App'x 381, 384 (5th Cir. 2005).

To establish a property interest, plaintiffs often point to statutes that include "for cause" language. That is because "'good cause' is almost universally considered to bestow a property interest in favor of the employee." *Patterson v. Yazoo City, Miss.,* 847 F. Supp. 2d 924, 948 (S.D. Miss. 2012) (citations omitted). As the Supreme Court has held, "employees who can be discharged only for cause have a constitutionally protected property interest in their tenure and cannot be fired without due process." *Gilbert v. Homar,* 520 U.S. 924, 928–29 (1997) (citations omitted); *see also Bolton v. City of Dallas, Tex.,* 472 F.3d 261, 264 n.1 (5th Cir. 2006); *Johnson v. Sw. Miss. Reg'l Med. Ctr.*, 878 F.2d 856, 859 (5th Cir. 1989) (compiling Fifth Circuit precedent on "good cause" language).

Smith points to Mississippi Code Ann. § 39-3-17 to establish that she had a property interest in her continued employment. Section one of that statute establishes that public libraries are governed by a board. The board is tasked with employing a library director. The board shall, when necessary, "remove [the director] for cause." Miss. Code Ann. § 39-3-17(1)(d). The remaining relevant sections of § 39-3-17 state as follows:

> (2) There shall be one (1) library director for each library system. Said library system director shall have such educational qualifications as are prescribed by the Mississippi Library Commission. The library system director shall administer and establish procedures according to policies established by the administrative board of trustees. His or her duties shall include: (a) employment of staff with the approval of the board of trustees; (b) prescription of staff duties; (c) *removal of staff for cause*; (d) preparation of the budget; (e) financial and statistical management; (f) reporting to board of trustees; and (g) other acts necessary for the orderly and efficient administration of the library system.
>
> (3) In the event that a determination is made by the library system director to remove a staff member for cause, written notice of such decision shall be

5

> given to such staff member. A staff member who has received such notice shall be entitled to:
>> (a) Written notice of the reasons for such action, together with a summary of the factual basis therefor, which notice shall be given at least five (5) days prior to any hearing;
>> (b) An opportunity for a hearing before the board of trustees at which to present matters relevant to the reasons given for the decision, including any reasons alleged by the employee to be the reason for such action;
>> (c) Receive a fair and impartial hearing before the board;
>> (d) Be represented by legal counsel, at his own expense.
>
> If the staff member does not request a hearing, the decision of the director shall be final.

Smith argues that subsection (2)(c) only vests library directors with the authority to "remov[e]" "staff for cause", and the "for cause" language vests her with a property interest. Defendants disagree. They argue that (1) because firing without cause is not specifically prohibited in the statute, it is allowed; (2) the general language of (2)(g) ("other acts necessary for the orderly and efficient administration of the library system") gives directors the authority to remove staff who are at-will employees without cause; and (3) a board may delegate to the director the authority to fire employees without cause, which this board did through the employee handbook. Both parties agree that no court, state or federal, has ever evaluated the library statute in regards to a due process claim.

The "starting point every case involving construction of a statute is the language itself." *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 756 (1975). "In construing a statute, we focus on its plain language in context with its design, object and policy." *Sealed Appellee 1 v. Sealed Appellant 1*, 767 F.3d 418, 421 (5th Cir. 2013) (quotation marks and citations omitted). As the Mississippi Supreme Court has instructed on statutory interpretation, "[i]f the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from

6

using principles of statutory construction." *See Lawson v. Honeywell Int'l, Inc.,* 75 So. 3d 1024, 1027 (Miss. 2011) (citation omitted).

What matters are words the legislature has actually written, not the words it may have intended to write. *Id.* ("The Court must not broaden or restrict a legislative act."). "[C]ourts should not insert words in a statute except to give effect to clear legislative intent." *See Stem v. Gomez*, 813 F.3d 205, 212 (5th Cir. 2016) (quotation marks and citation omitted). This Court will, therefore, "assume the legislature knew the plain and ordinary meanings of the words it chose to include" in the statute. Norman J. Singer, *Sutherland Statutes and Statutory Construction* § 46:1 (7th ed. 2017).

Adopting those principles, the Mississippi legislature knew when including "for cause" that those words carry a significant meaning. *See Conley v. Bd. of Trustees of Grenada Cty. Hosp.,* 707 F.2d 175, 179 (5th Cir. 1983) ("Many Mississippi statutes governing the employment practices of public employers expressly prescribe either a 'terminable at will' or a 'for cause' standard."); *see also Evans v. City of Dallas*, 861 F.2d 846, 849 (5th Cir. 1988) ("the law is well-settled that where state or local regulations indicate that an employee may be terminated only for cause, that employee has a property interest in his continued employment").

*Sartin v. City of Columbus Utilities Commission* interpreted a statute with a similar composition. 421 F. Supp. 393, 397 (N.D. Miss. 1976).[4] In *Sartin*, the Mississippi statute gave municipal utilities commissions certain powers and duties, including "the right to discharge employees when found inefficient or for other good cause." *Id.* (quoting relevant Mississippi

---

[4] Defendants argue that other courts have read *Sartin* for the premise that employees without a fixed term of employment, like Smith, may be fired without cause. *Sartin* held "[t]he general conclusion to be drawn from the cases is, that if a municipal or county officer does not hold office for a fixed term *and there is no constitutional or statutory provision from which it appears, or may be inferred, that notice and hearing are required before removing him from office*, the power of removal may be exercised at any time without notice or hearing." 421 F. Supp. at 397 (emphasis in original) (citation omitted).

7

statute). When plaintiffs were fired without notice or an opportunity to be heard, they filed suit against their employer, the City of Columbus' utilities commission and claimed that the "good cause" language vested them with a property interest that could only be taken away after notice and a hearing. The defendants argued that because one of the other powers vested in the commissions was to "fix the term of office of all employees," and the plaintiffs had no fixed term of office, they were at-will employees who could be fired at any time without process. *Id*. The district court ultimately held that defendants' position disregarded the portion of the statute that referenced "good cause" and because of that language, the employees had a property interest in their continued employment. *Id*. ("defendants' argument that plaintiffs were therefore entitled to no pre-termination notice and hearing completely ignores the quoted portions of the state statute").

*Sartin* is instructive. Here, if the Court adopted any of defendants' statutory interpretation arguments, the Court would be disregarding the portion of the statute that specifically says "for cause." Adopting defendants' interpretation requires the Court to assume the legislature's intent that is not written in the statute. *See In re Bishop*, 52 So. 2d 18, 20 (Miss. 1951) ("Had the Legislature intended that the power of the court for removal should be 'at pleasure', it could easily have said so."). For example, defendants ask the Court to assume that because the legislature did not prohibit firing without cause, the director is still allowed to do so. They also ask the Court to assume that the catch all provision under (2)(g) grants directors the authority to fire without cause or that the board may delegate such authority to the director, but both of these arguments are in direct contradiction to the language of the statute. In the plain language reading of the statute, the library director had the power to fire employees only for cause and as such, Smith has a property interest.

Defendants threaten this will "dramatically shift the employment landscape for public employers in Mississippi." Docket No. 48 at 1. Not so. This Court is well-aware of the history of at-will employment in this State. *See Swindol v. Aurora Flight Scis. Corp.,* 194 So. 3d 847, 849 (Miss. 2016) ("Mississippi has followed the common-law rule of at-will employment for more than 150 years."). Yet, here, Smith pointed to a state statute which establishes a property interest. The statute being evaluated by this Court is a narrow one only applicable to library employees. Its reading does not have an impact on any employees outside of the library system.

    **ii. Employee Handbook**

Defendants then argue that Smith still has no entitlement to continued employment because the employee handbook made clear that Smith was a probationary employee for her first six months on the job. Thus, she had no claim to the "for cause" protections until she had become a permanent employee. Smith concedes that she received the handbook, and there is no dispute that the handbook states a new hire is a probationary employee during the first six months of employment.

In effect, this argument places the language in a statute against the language in an employee handbook, both of which are recognized sources of entitlements to due process. *See King*, 144 F. App'x at 384.

The parameter of an entitlement is evaluated based upon the scope of the source before the court. *See Edionwe*, 860 F.3d at 292 ("entitlements are 'not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'") (citation omitted). Defendants point to several cases to argue that because probationary employees do not have a property interest in continued employment, Smith has no due process claim. Yet, those cases are based on different claims of

entitlement than the one before this Court. *See Evans*, 861 F.2d at 848 (claim to entitlement was based on city's personnel policies); *Burnley v. Thompson*, 524 F.2d 1233, 1240 (5th Cir. 1975) (claim to entitlement was based on city ordinance); *Stapp v. Avoyelles Par. Sch. Bd.,* 545 F.2d 527, 531 (5th Cir. 1977) (claim to entitlement was based on letter from superintendent, that functioned as a contract); *Wheeless v. Manning*, 682 F. Supp. 869, 871 (S.D. Miss. 1987) (claim to entitlement was based on hospital's personnel policies). In these cases the entitlement was not rooted in a state statute and the sources did not have the same language currently before this Court.

Here, Smith's claim to a property interest is not rooted in the language of the handbook; it is rooted in state law. *See Stem*, 813 F.3d at 211. The language of the statute provides that directors may only fire employees "for cause" and the statute does not delineate the process owed between probationary and vested employees. *Compare with* Miss. Code Ann. §§ 21-31-17; 21-31-19 (civil service statutes that account for probationary employees). The plain language of the statute guides this Court.

If property interests could be so easily avoided by a county employer unilaterally drafting an employee handbook, including "for cause" language in statues would be purposeless. *See* Eugene McQuillin, *The Law of Mun. Corp*. § 12:304 (3d ed. 2004) ("[I]f the power of removal is conferred by the charter or legislative act it can neither be extended nor restricted by ordinance or contract."). Employers, especially in an at-will state like Mississippi, are given great latitude in establishing their own policies and procedures for employees. Those policies and procedures, however, cannot undercut what the legislature has put into law.

The handbook does not rebut Smith's claim to a property interest. The Court now turns to the particular claims asserted by Smith.

### iii. Procedural Due Process

To prevail on a procedural due process claim, a plaintiff must show: "(1) that she was deprived of a property interest protected by the Fourteenth Amendment, and (2) that the process attendant to the deprivation was constitutionally deficient." *McMullen v. Starkville Oktibbeha Consol. Sch. Dist.*, 200 F. Supp. 3d 649, 654–55 (N.D. Miss. 2016) (citations omitted). The minimum requirements of procedural due process for public employees include "oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell h[er] side of the story." *Gilbert*, 520 U.S. at 929.

It is undisputed that Smith did not receive any sort of notice or hearing prior to her termination. Ultimately, she received no process at all. Thus, Smith's motion for judgment on the pleadings in regards to her procedural due process claim is granted.

### iv. Remaining Federal Claims

"To succeed with a claim based on substantive due process in the public employment context, the plaintiff must show two things: (1) that [s]he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious." *Lewis v. Univ. of Texas Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (quotation marks and citation omitted). Plaintiff "must show that the decision was made without a rational connection between the known facts and the decision or between the found facts and the evidence" so that the action by the defendant "shocks the conscience." *Id.* (quotation marks and citation omitted).

As Smith acknowledges, this is a high standard. Smith's argument proceeds as follows: she had a property interest in continued employment established by the state statute; when the staff at the library fired her without following the requisite procedures established by the state statute, they

acted arbitrarily and capriciously. In other words, Smith's substantive due process claim is a repeat of her procedural due process claim. The complaint focuses on what was owed to Smith under the state statute and procedural due process; outside of not following that process, it does not elaborate on how the library acted arbitrarily or capriciously. Because there are no plausible facts in this case to suggest that the action of the library officials was arbitrary or capricious, the motion to dismiss the substantive due process claim must be granted.

Similarly, the complaint lacks allegations against Gough and DeLee to hold them individually liable for any of the federal claims. In the complaint and briefing, it is the policy of the library that is the moving force of the constitutional violation. *See Monell*, 436 U.S. at 694 (local government is liable when "official policy [i]s the moving force of the constitutional violation"). If the moving force of the violation is the library's policy of termination without process, there is no relief available from the individuals separate and apart from the library. *O'Quain*, 2013 WL 149467, at *4; *Conway,* 16 F.3d at 511. On these facts, there is no basis for claims to proceed against the individuals and the individuals are dismissed from this action.

### B. Wrongful Termination Claim

In her complaint, Smith pled a wrongful termination claim in violation of the Mississippi public library statute. Defendants argue that under Mississippi precedent, the statute does not create a cause of action on which Smith may base her claims. This Court agrees.

A due process claim does not automatically mean that there is also a claim for wrongful termination under Mississippi law. Defendants cite *Kelly* to support their argument that Smith has no cause of action for wrongful termination. In *Kelly*, the court held that "[w]hile the harshness of the terminable at will rule is subject to exception in light of express legislative action, the absence of explicit statutory provision of a civil remedy in the Mississippi . . . statute argues against

12

recognizing a cause of action for retaliatory discharge." *Kelly v. Mississippi Valley Gas Co.*, 397 So. 2d 874, 875 (Miss. 1981) (quoting *Green v. Amerada-Hess Corp.*, 612 F.2d 212 (5th Cir. 1980)).

Plaintiffs' reliance on *Willard v. Paracelsus Health Care Corporation* to prove that there is a tort for wrongful termination in Mississippi law is misplaced. 681 So. 2d 539, 542 (Miss. 1996). *Willard* relied on the *McArn* exception, which recognizes an action for wrongful termination under a public policy exception to the employment at-will doctrine. *See McArn v. Allied Bruce–Terminix, Inc.,* 626 So. 2d 603, 607 (Miss. 1993). There is no such exception at dispute in this case. Here, the route around at-will employment is the language of the statute itself, and that statute is void of explicit language providing a civil remedy for wrongful termination. In other words, while Smith has established a property interest rooted in the state statute, this Court does not go so far as to hold that there is a state cause of action for wrongful termination under this statute.

As a result, this claim is due to be dismissed.

**IV. Conclusion**

For these reasons, the Court grants defendants' motion to dismiss the wrongful termination claim, the substantive due process claim, and all claims asserted against the individual defendants, and grants Smith's motion for judgment on the pleadings on the procedural due process claim against the library. Within 10 days, the parties shall contact the Magistrate Judge for a Case Management Conference to proceed regarding a determination of damages.

**SO ORDERED**, this the 5th day of February, 2019.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE